This case is about the Federal Rules of Evidence Rule 403 and its application to child pornography cases. Rule 403 states that the court may exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice. The court has discretion to weigh and balance the probative value versus the prejudicial effect of the evidence. To exercise that discretion, the court must view the evidence that is sought to be excluded. In the present case, the court explicitly stated in its order denying admission of the evidence that it had not viewed the evidence. Several circuits, this court has not reached the issue of whether that is a per se failure to exercise discretion, not viewing the evidence, but several circuits have reached this issue and decided that it is an abuse of discretion or a failure to exercise discretion in not viewing the evidence. They have held, we hold it's a matter of law that the court does not properly exercise its balance in discretion under 403 when it fails to place on the scales and personally examine and evaluate all that it must weigh. Did the courts give any reason why it didn't view the evidence? The court didn't give a reason why it didn't review the evidence. He did say, I will review the evidence if you tell me that you're alleging that it's not representational of the other child pornography on the computer because it's too extreme or too inflammatory. He didn't say why he wasn't reviewing the evidence. This is the point that I'm trying to get to. Was the court asked to view the evidence at any point? After that? After he said that? Your Honor, the defense counsel said, those aren't my grounds for objection. I'm not objecting because it's not representational of the other pornography on the computer. All the pornography on the computer is the same. It's all bad. It's all prejudicial. So those aren't my grounds for objecting. And because of that reason, because I'm not objecting because it's not representational, you don't have to view the evidence. He didn't say, you don't have to view the evidence ever to decide my motion. My motion is, this is too extreme. This is too inflammatory. It will prejudice the jury. Let me ask you this one. I've actually tried one of these cases. Are you suggesting that in every such instance that the trial judge must view all of the evidence before it's submitted to the jury? Well, Your Honor, I don't think you need to reach that issue in this case. I mean, there are cases out there where the courts will say different. I'm talking about the child pornography cases. Well, there are child pornography cases where the court will say, we have a description of the pornography. We have an explicit and detailed description of the pornography. We know how long a video you're going to introduce. We have enough evidence that we don't think it was error for the court not to personally look at and review the evidence. That's not this case. In this case, the only thing the court knew was that the government was seeking to introduce three videos and six photos. Were there also descriptions, though, of what was contained on those? There were no descriptions. There were no descriptions at all. There was no time length. They didn't say how long they were, the videos that they wanted to introduce. They didn't describe the photos or the videos. And so the judge had nothing. He had nothing. And can I just ask you about the exchange with the lawyer? And this just goes to whether the request to view the materials should have been made. So there's a motion filed. This is a 403 motion, which is broadly saying that it's prejudicial to allow the materials to be shown to the jury. And then the court says, the one issue that's still outstanding, I think, is whether or not the defendant contends that any of the images that the government proposed to introduce, given the parameters of our order itself, still fail as inadmissible under Rule 403. Just a general statement. As I have your Rule 403 motion, there's that issue. In other words, do you want me to review those images before they're introduced? Right. To which counsel then says, Your Honor, I don't think the images misrepresent the type of material that was recovered. So for that reason, I would say the court doesn't need to review the images, at which point the court says, OK, fine. Now, if your point is that actually the lawyer wanted him to review the images, wouldn't that have been a good time to stay and review them? My point, yes. My point is not. What's the district judge supposed to do in that situation? Just let me finish the question. You can answer. What's the district judge supposed to do in that situation? He's just said, I have your Rule 403 motion. Do you want me to review them? Counsel then says, well, I don't think any of them are misrepresented. So for that reason, I don't think you need to review them. Right. Now, you're saying implicit in that is the statement that I do want you to review them? No. No, Your Honor. I'm not saying implicit in that is the statement I do want you to review that. I'm saying that everyone at that hearing understood what the judge was saying. He was saying, I will review these if you tell me they are not representational. And I noticed he said that. Right. And the thing, given the parameters of the order itself, do you want me to review them? And the parameters of the order itself were, if the defense counsel believes the exhibits selected by the court are too extreme and do not fairly represent what was on the computer, the court will investigate further. And he may have been wrong in that. But what I'm saying is counsel at that point easily could have reprised the no to properly evaluate my 403 motion. You need to review the images. But he doesn't say that. No, he doesn't say that, Your Honor. So why on appeal should he now be able to say, oh, well, the error was that you didn't review them? Because, Your Honor, he's trying a case in front of this judge. The judge has asked him a specific question. Is this a grounds of your objection? He says no. He's not. We don't require defense counsel at trial to not only object to a judge's final decision, because that was his decision. These are not admitted. You want him not only to object, to preserve that objection, which he did, by objecting every time it's admitted. You want him to tell the judge the reason why the judge's order is wrong. I don't necessarily think it's necessarily the crime that he has to do it. I don't want to, but I guess once a judge has put in play the question of, am I supposed to review these, it does seem odd that counsel who wants him to review them doesn't say, I would like you to review them. First of all, the judge did not put in play, he did not put in play, do you want me to review them? That's what the government wants you to believe, that the judge was saying to the defense counsel, do you want me to review them? That means the court acting illogically. There's no district court out there who says to defense counsel, excuse me, I have a 403 motion here. You know, to exercise my discretion, do you want me to look at them? He's not saying that. He's not saying that. And the defense counsel isn't answering that question. He's saying, I'll look at them if you tell me they're not representational. And you want the defense counsel to say, well, they're not representational. But anyway, you really need to look at this evidence, judge, before you do a 403. We don't want defense counsel to say, that's my job. That's not defense counsel's job. That's your job. You don't want the judge issuing an order and then having the counsel responsible for saying, this is why your order is wrong. His order was wrong in other respects, too. He says, you know, I'm going to deny this order because the basic premise of the order is that if you stipulate, I can stipulate to these, and therefore child pornography doesn't come in. That's not the basic premise of defendant's motion. Excuse me. Is it correct that? They were offered during the trial. They offered a trial. Was there an objection at that point? There was an objection every time they were admitted. And what was the grounds for the objection? On my motion. I object on the grounds of my motion. Which motion? I think he means his motion for an eliminate, although he also. Can you tell from the record what motion he's referring to? I have to go back and look at the every time he admitted it. I know he did object every time they were admitted. And I know the first time he objected, he said the judge said something about on the grounds that we discussed before. So that's my memory. But I don't really know. I have to go back and look at that. Could you just address not the prejudice inquiry under 403, but assume there's a 403 violation. This was improperly admitted. It was more prudential than probative. Nonetheless, there's a fair amount of evidence of possession in the case. So I take it not every 403 violation automatically requires reversal. It could be that there's enough evidence in the record that the rule 403 violation could be harmless. So why isn't it harmless here? Well, it's not harmless for the simple reason that when we look at harmlessness, we ask did this affect the jury's verdict, did the evidence that was affect the jury's verdict. You don't pull the evidence out and say, okay, do we have enough to convict?  That wasn't my question. It's not whether you have enough. I understand the harmless error requires an overwhelming amount of evidence. My question to you is why is that standard not met here, given how much evidence of possession is in the record? Because I don't think there's any way you can say viewing these child pornography videos didn't affect the jury's verdict. They were very graphic. That would suggest that you could never have a harmless error, that a 403 violation in this setting could never be harmless. But that seems unlikely to me. So what I'm asking is given how much evidence of possession was in the record, why would we think a reasonable jury, faced with all that evidence, wasn't confronted with such overwhelming evidence of possession that, as much as there may have been an error, it was not one that was harmful? Because I think, Your Honor, that these particular videos made such an impact that they had to impact the jury's verdict. Would it make any difference that at the time he was arrested, he was in the process of seeing child pornography on his screen? I don't understand. Your Honor's question is that that makes it more overwhelming that he was in the process of… It seems to make irrelevant anything else that happens thereafter. Well, I don't think it does, Your Honor. I think the jury is entitled to weigh all the evidence and have all the evidence, but once you throw the child pornography videos into the mix, that affects the jury, that impacts them so greatly that you can't say it doesn't influence the verdict. The government knows it influences the verdict. That's why they admit these, because they influence the verdict. I mean, it influenced a seasoned district court judge who had tried these cases. You read his sentencing, and he's deeply disturbed by these. He calls them stomach-churning, deeply disturbing, truly abhorrent. He says over and over again, these are very, very young, young children. We aren't talking about your ordinary pornography here. This is more significant than… That's in the nature of a 403 violation. Excuse me? That's in the nature of a 403 violation. But the question is, can a 403 violation be harmless? And I think the answer is yes. Right? No, I would say exactly the opposite, Your Honor. If you have enough evidence for a 403 violation, if you say these are unfairly prejudicial and then they go into the jury, that can never be harmless. They're unfairly prejudicial. They cause the jury to decide the verdict on something that's not an issue in the case, not an established proposition. That can never be harmless. Thank you. Thank you. Did you reserve time? Excuse me? Okay. Thank you. Good morning, Your Honor. Good morning. May it please the Court, Rene Bunker, the Judge of the United States. I, too, will start with the waiver issue. And this was absolutely an explicit waiver. As Judge Woodcock's written, first of all, the motion eliminated and asked for the Court to review the evidence, and a trial brief that preceded the trial, obviously, did not mention it as well. Judge Woodcock's written order did not qualify his request, his invitation to view the child pornography evidence on whether it was representative. He said if it's representative and too extreme, and Ross wants to present specific objections, I will view it. The Court added in its written order, if there are specific objections that the images and videos do not fairly represent what was on the computers or that they are particularly inflammatory, the Court would view them. And then I think, as Judge Troya, you pointed out, or Judge Barron, the morning of the hearing, then, there's the dialogue between the Court and defense counsel where the Court explicitly asks defense counsel, do you want me, without qualification, do you want me to review these images before they're introduced? The defense counsel said no. He declined the invitation. If that's not waiver, I'm not sure what, it clearly appears to be sandbagging to allow appellant Ross on appeal to blame the judge for not having reviewed the child pornography exhibits. And to be sure, there are certain cases, so if it's not waiver and we jump into plain error, this would seem like a particularly inappropriate case for plain error, where a handful of circuits have held, I think the third, the seventh, and the ninth have suggested that the safest best practice would be for the judge to review the evidence. But this is exactly the opposite of Cunningham, the case the judge itself flagged. If it's not waiver, why would it be plain error? Why wouldn't it just be there's a properly filed 403 motion and the judge ruled on the 403 motion without looking at the materials? Do you think you have to separately ask them to be reviewed? I certainly think that here... Because I think why isn't it just the error under rule 403 is making the judgment without having looked at them? Where would it be that you have to ask them to be looked at? I understand that there's a waiver point, which is the judge said, do you want me to look at them? And counsel said no, so maybe there's a waiver. But if there's not a waiver, I don't really understand why we would review it for plain error rather than just review straight 403 violation, the judge's error being having made a determination that they were not prejudicial without having even looked at them. Well, you might jump into the 403 analysis itself, but I'm saying, addressing the first section, whether it was error for the court to not view the images... But that's not... The claim is that it's error to deny my rule 403 motion when they weren't looked at. And you're saying that it's not enough to raise a 403 objection. You actually have to also say, and I'd like you to look at them. And I just don't know why that follows. I'm saying that the court does not err, at least under the current state of the law. I think Judge Lisi brought that up. The appellant has cited no authority, and I have not cited any, that requires the judge, that there's a blanket rule that the judge must look at child pornography. Okay, but I'm saying, for the standard of review, why wouldn't we just do that straight under a piece of discretion rather than a plain error? Because there was a rule 403 objection, time of life below, which the judge was then ruling on. I guess I'm not following. Usually it would... Maybe I'm just missing. I would think if there's error, the question would be whether the claim on appeal was waived or forfeited. But I guess I'm just not catching it. In this case, did your office have any written descriptions of each of the bits of evidence that you sought to introduce? Judge Lisi, what we had was the defendant's motion describing them as horrific. I don't have the exact quotes. And undisputed that there wasn't a detailed description of what the exhibits portrayed. It was undisputed that they were going to be graphic. So there was nothing that identified each one as a 6-year-old child, something like that? Nothing else. Okay. No, Judge. So with that, I will address, I guess, unless the court has further questions on either the waiver or the viewing of the exhibits, I'll move on to what we submitted, no abuse of discretion in the courts, allowing the jury to view some of the exhibits. As an initial point, Judge Lisi, I think you may have mentioned, well, Judge Torrey, you mentioned in terms of the harmless error. Under appellant's argument, it seems to be that if the jury sees any child pornography, graphic as it may be, and in many cases, this is very graphic evidence, this was graphic and many of the cases also describe the EADS case was a man having intercourse with a 4-year-old child affirmed. But every case, every circuit to have considered the issue, and I count nine, has ruled that the jury is allowed to see some of the child pornography that forms the very basis of the defendant's crime. This is the best evidence of the defendant's crime. And here... Is that true? Are all those cases cases in which the only issue was whether he possessed it? Some are maybe receipt or... It was the issue as to whether the material was in fact pornography at issue. Here, there's no dispute that the material is pornography. The only dispute is whether he possessed it, as I understand. Is that right? Right. In many of those other cases, the issue is knowledge, and that's when the issue of, hey, I'm willing to stipulate this material is child pornography. But where the defendant leaves open the question of whether he knew it was pornography, circuit after circuit after circuit has said that the jury gets to see... But here, was that open here? The defendant's knowledge? Yeah. Oh, absolutely. That's what he denied. He blamed... His entire defense was that he had either been hijacked or his computers had been remotely accessed by maybe some other child pornography criminal source trying to secretly hide the material on Ross's computers, or maybe defense counsel begged the jury to plead through cross-examination. There were these nine sex offenders who lived near Ross who might have accessed and secretly placed all of this material on Ross's computers. Maybe I'm at it the wrong way, but I didn't think he was contesting that if he saw it, he would have been unaware whether it was child pornography. I thought he was only contesting whether he ever saw it. Well, that is a version of... No, I know it's a version of that. I didn't know it was there. I understand that, but in that setting, why is it important if he's willing to concede that if he saw it, it would have been apparent it was child pornography? Why is it important for the jury to see it? Well, that defense actually begs the... I know there's an argument out there that you haven't got the images. Why do you need the videos? But there are many reasons why videos are more probative of knowledge. First of all, it is the best evidence of what the defendant possessed and would have seen in terms of... He had over 7,000, something like 7,100 images and over 300 videos. Second of all, there's a spectrum of child pornography, as the appellant has highlighted. Judge Woodcock, on one hand, you have maybe a 17-and-a-half-year-old slightly closed, sexually opposed. On the other hand, you have videos of men raping small, young children. And it was the other hand that was most indicative of Ross's collection. And certainly, this more graphic evidence would make anyone who saw that type of child pornography know instantly that, on the first hand, a 17-and-a-half-year-old would go, geez, I never knew that was child porn. On this graphic end, they would absolutely know that what was in that video was child pornography. And when you leave knowledge in doubt, the jury should have an opportunity to see that. And also, videos, as anyone who has used a computer or the Internet knows, to download a video in light of Ross's defense just takes more time. And maybe somebody could remotely or surreptitiously drop a few images on your laptop or your desktop, but to argue that somebody has... It's much better circumstantial evidence of knowledge when there are hundreds of videos that have been downloaded from the Internet. Circumstantial evidence, the person who downloaded them would know what they're doing. Videos also take up more space than a hard drive. And as Ciccoloni, the forensic examiner, testified, one of the reasons people move material from, say, the laptop or the desktop to that external hard drive would be to free up space. So again, a video, hundreds of videos, is much stronger circumstantial evidence of knowledge that, compared to, say, images, that the defendant, the computer user, the computer owner, would have known what was being stored on his or her hard drive. So, with those considerations, it's, in some ways, that renders... And also, that renders a longer video somewhere more appropriate of knowledge than, say, a 30-second video in terms of what the defendant would have known in terms of seeing or possessing longer-duration videos, a 14-minute video versus a 30-second video. So I'm not sure that that answers your... Those are just a number of reasons why videos, when the defense is particularly the one that Mr. Ross presented here, videos can be more compelling evidence, and the jury should be allowed to see what was just a snippet of Ross's actual child pornography collection rather than have to force the government to accept his stipulation. Unless there are further questions, we'll ask that you affirm. Thank you. Thank you. Your Honor, I'd just like to point out one further thing on the waiver issue. Waiver is generally disfavored, but more importantly, waiver has to be knowing. And you can tell from the defense counsel's response that he's not knowingly waiving his argument and my argument that the judge should view these videos before deciding whether they're more prejudicial than prohibitive. Thank you.